UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60490-CV-COHN/SNOW

APRIL BURGE,

        Plaintiff,

vs.

URS CORPORATION,

        Defendant.

_____/

**ORDER ON DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS, OR IN THE ALTERNATIVE, MOTION TO DISMISS**

THIS CAUSE came before the Court on Defendant's Motion for Judgment on the Pleadings [DE 4], or in the Alternative, Motion to Dismiss the Complaint [DE 6]. The Court has carefully considered the motion and is otherwise fully advised in the premises.

Normally, the Court does not interject itself into the adversary process, but on occasion the interest of justice require such intervention. Most of Defendant's motion is based upon the assertion that "[a] finding of no reasonable cause by the EEOC bars Plaintiff from pursuing a civil action under the FCRA. § 760.11(7), Fla. Stat." Defendant's Motion, p.3. Defendant relies upon a state court decision expressly quashed and rejected by the Florida Supreme Court on October 10, 2002. Woodham v. Blue Cross and Blue Shield of Florida, Inc., 829 So.2d 891, 897 (Fla. 2002). The Court stated:

> We construe the language of section 760.11(7) to require a specific determination " *that there is not reasonable cause* " to believe a violation occurred. § 760.11(7). The agency's

determination in this case was only that it was "*unable to conclude* that the information obtained establishes violations of the statutes." We cannot and will not equate "unable to conclude" with a determination that "there is not reasonable cause." To equate those two terms would be contrary to the plain language of the statute. Further, to the extent that there is any ambiguity as to the intent of subsection (7), we are guided by the stated statutory purpose of liberally construing the FCRA in favor of a remedy for those who are victims of discrimination, and the companion principle that requires us to narrowly construe statutory provisions that restrict access to the courts.

The Florida Supreme Court held that receipt of the type of right to sue letter from the United States Equal Employment Opportunity Commission received by Plaintiff in this matter satisfies the administrative exhaustion provisions of the FCRA. Thus, the first part of Defendant's motion is denied.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion is denied in part as to the argument that Plaintiff did not request an administrative hearing before the Florida Commission of Human Rights. Plaintiff shall focus her response to the motion on the argument regarding filing suit within 90 days of receipt of the EEOC Notice, contained at pp. 6-7 of Defendant's motion.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 16th day of April, 2007.

JAMES I. COHN
United States District Judge

copies to:

Scott M. Behren, Esq.
Jeannette Albo, Esq./Marc Goldstein, Esq.